# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DELANEY WILLIAMS**,

                Plaintiff,

v.                                     **Case No. 14-cv-792-pp**

**DR. ORTIZ,
LT. BRADLEY FRIEND,
AUSTIN ISFERDING,
ROBERT HERNANDEZ,
NURSE BILL, and
NURSE JIM,**

                Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR COURT RULING (DKT. NO. 28) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 31)

---

The plaintiff, Travis Delaney Williams, is proceeding *pro se* on claims under 42 U.S.C. §1983 regarding his time as an inmate at the Racine County Jail. The plaintiff has filed two motions that are now before the court.

On December 7, 2015, the plaintiff filed a motion asking this court to rule on a motion he filed in response to defendant Nurse Bill's answers and affirmative defenses. Dkt. No. 28. He indicates that he filed a motion on November 12, 2015, and he asks the court to rule on that motion. The court did not receive any motions (from any party) on November 12, 2015. On November 17, 2015, the court received a document from the plaintiff entitled "Response to Nurse Bill Answers and Affirmative Defenses." Dkt. No. 25. In this pleading, the plaintiff basically "answers" the defendants' answer. Neither the

1

Federal Rules of Civil Procedure nor this court's local rules provide for a "response" to, or an "answer" to, an answer. The procedure is that the plaintiff files a complaint, the defendants (when all of them have been identified and served) file an answer, and then the court sets the discovery and motion schedule. There is, therefore, nothing in the November 17, 2015 pleading for this court to rule on, and the court will deny the plaintiff's motion for a ruling.

In the same motion, the plaintiff also asked the court for a ruling on a motion for appointment of counsel he says was filed along with his complaint. Nowhere prior to the plaintiff's December 7 motion, however, can the court find a motion for appointment of counsel, either filed at the time the plaintiff filed his complaint or at any time thereafter. The plaintiff has filed numerous cases in this court; perhaps, in asserting that he filed this motion when he filed his complaint, he is confusing this case with one of his others.

On December 23, 2015, *after* the plaintiff filed his motion asking the court to rule on his (unfiled) motion to appoint counsel, the plaintiff *did* file a motion to appoint counsel. Dkt. No. 31. In that motion, he argues that he is unable to afford counsel, that this case is complex, and that he has very little knowledge of civil law and only a sixth grade level education. The plaintiff also submits that he is confined at Columbia Correctional Institution ("Columbia"), where he is being retaliated against and denied a wheelchair and psychotropic medication. The plaintiff represents that his mind is deteriorating due to not having his psychotropic medications and that he can no longer access the law library or law clerk because the staff will not provide him with a "distance

wheelchair" to attend activities such as law library, physical therapy, scheduled criminal attorney conference calls, recreation, church services and bible study.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The plaintiff has submitted several letters from attorneys declining to represent him in this case. The court finds that the plaintiff has met the threshold requirement under Pruitt.

As a result, the court must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff makes a number of serious allegations in his motion and the supporting documents. This case, however, is about the plaintiff's interactions with staff at the Racine County Jail. If he has separate retaliation or access to the courts claims against staff members at Columbia, he must allege those in a new, different complaint.

This court must limit its inquiry to whether this plaintiff is competent to litigate this particular case, which involves several Fourteenth Amendment claims, as well as First Amendment retaliation claims against two of the defendants. At this stage, the defendants have not all been served or answered. Once the court enters a scheduling order, the plaintiff may use Federal Rules of Civil Procedure 33, 34, and 26, among others to obtain written discovery from the defendants regarding his claims.

Given the current posture of the case, the court sees no present need for the plaintiff to have access to the law library. When the time comes that he does need to do legal research, and does need access to the law library, the court wonders if there are alternative ways the plaintiff may access case law, such as requesting cases without having to travel to the law library.

The plaintiff complains about an injured hand that makes it extremely difficult to write, but he has been able to file a number of hand-written documents in this case in the last month, and the court has been able to read them. The plaintiff also submits that since his psychotropic drugs were discontinued, he has been incapacitated by visions and other beings speaking to him. Despite these reports, the plaintiff has managed to file a number of very lucid, hand-written motions and other documents, not only in this case but in other actions he has pending before the court. For example, for this motion, he filed not only a motion, but also a brief in support of his motion, a sworn declaration, and appropriate exhibits with a table of contents. The plaintiff's

4

litigation of this case and others continues to demonstrate his competence to proceed *pro se*.

The court **DENIES** the plaintiff's motion for court ruling (Dkt. No. 28). The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of counsel. The court will issue a scheduling order when additional defendants have filed answers.

Dated in Milwaukee, Wisconsin this 8th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge