UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**TRAVIS DELANEY WILLIAMS**,

      Plaintiff,

v.            **Case No. 14-cv-792-pp**

**DR. ORTIZ,
LT. BRADLEY FRIEND,
AUSTIN ISFERDING,
ROBERT HERNANDEZ,
NURSE BILL, and
NURSE JIM,**

      Defendants.
_____

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION
FOR DISCOVERY (DKT. NO. 39) AND DENYING PLAINTIFF'S MOTION
FOR PRODUCTION OF DOCUMENTS (DKT. NO. 39)**
_____

  The plaintiff, Travis Delaney Williams, is proceeding *pro se* on claims under 42 U.S.C. §1983 regarding his time as an inmate at the Racine County Jail. On January 15, 2016, the plaintiff filed a document entitled "Motion for Discovery and Production of Documents." Dkt. No. 39. In the upper right-hand corner of the first page, he reflects the case number: 14 CV 792. In the upper left-hand corner of the first page, he lists the defendants in this case. Id. at 1.

  This pleading both asks the court to expedite an order requiring the defendants to produce discovery, and lists various documents that he wants the defendants to produce. The plaintiff suggests that he has had difficulty obtaining his medical records from the Racine County Jail. He indicates that he needs the medical records because they have been used against him in

1

Williams v. Stauchie, *et al.*, Case No. 14-CV-1078, and that he cannot point to other evidence in his medical file without the records. The plaintiff also argues that he needs a court order in this case because the summary judgment motions in Williams v. Stauchie, *et al.*, Case No. 14-CV-1078, and Williams v. Swenson, *et al.*, Case No. 14-CV-1594, are on hold until the plaintiff can access his medical records from the Racine County Jail.

The court has not entered a formal scheduling order in this case because not all of the defendants have been served or filed answers to the plaintiff's complaint. The court has been working to serve the plaintiff's complaint on Dr. Ortiz and Nurse Jim; Nurse Jim recently has been served, and the court has learned that service on Dr. Ortiz is unlikely. Nurse Jim's answer is due soon, and once he has filed it, the court will enter a scheduling order.

Once the court enters the scheduling order, the plaintiff should serve his discovery requests (including his list of documents that he wants them to produce) on the defendants. They should not be filed with the court. Generally, the parties conduct discovery without the involvement of the court. If there is a discovery dispute that the parties are unable to resolve after meeting and conferring in good faith, a party may bring a motion to compel under Federal Rule of Civil Procedure 37. It does not appear, however, that the plaintiff has asked the defendants directly for these documents; rather, the list in this pleading appears to contain the plaintiff's original document requests, which he has filed with the court rather than serving them on the defendants. When the time comes—after the court has issued the scheduling order in this case—

the plaintiff should serve these requests on the defendants directly. The court will not order the defendants to respond to the plaintiff's requests for production of documents at this time.

The court now turns to the plaintiff's statement that the court erred when it denied his motion for appointment of counsel. His basis for that statement is that he "clearly stated in his motion for appointment of counsel in case no. 14CV1078 . . . that Racine County stipulated the only way plaintiff will receive these medical records & that is if he comes & gets them himself . . . ." Dkt. No. 39 at 1. A court has the power to revisit its prior decisions, "although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). Nothing in the plaintiff's current motion suggests that the court's January 8, 2016, decision that he was competent to litigate this case was erroneous or would work a manifest injustice.

The court observes that the defendant has so many open cases in this court that even he has trouble keeping up with them. The court is working

3

through all of these cases; it will take time.

The court **DENIES** as premature the plaintiff's motion for discovery. Dkt. No. 39. The court also **DENIES** as premature the plaintiff's motion for production of documents. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 9th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:14-cv-00792-PP   Filed 02/10/16   Page 4 of 4   Document 45