UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DELANEY WILLIAMS,

      Plaintiff,

v.              Case No. 14-cv-792-pp

DR. ORTIZ,
LT. BRADLEY FRIEND,
AUSTIN ISFERDING,
ROBERT HERNANDEZ,
WILLIAM COE, and
JAMES OLSTINSKE,

      Defendants.

---

**DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 119), DENYING PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 120), DENYING PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 121), DENYING PLAINTIFF'S MOTION FOR RELIEF (DKT. NO. 124), GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 128), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 135), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 138), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 156), DENYING PLAINTIFF'S MOTION TO COMPEL OR FOR ENTRY OF DEFAULT JUDGMENT (DKT. NO. 157), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 159), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 167), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 175), GRANTING PLAINTIFF'S MOTION TO EXPEDITE (DKT. NO. 178), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY (DKT. NO. 193), AND DIRECTING PLAINTIFF TO FILE HIS REPLY MATERIALS ON OR BEFORE OCTOBER 6, 2017**

---

   The court entered orders on February 2, 2017 (dkt. no. 117) and February 7, 2017 (dkt. no. 118). In the first order, the court suspended summary judgment deadlines until the court could rule on numerous

1

outstanding motions. Dkt. No. 117. In the second order, the court decided the numerous pending motions and apologized for the delay. Dkt. No. 118. Despite the court's attempt to get this case back on track with the sixty-page order entered on February 7, 2017, the parties have continued to file new non-dispositive motions, which are now before the court. The parties continue to brief their respective motions for summary judgment, which the court will address in a separate order once briefing is complete.

A. <u>Plaintiff's Fourth Motion to Appoint Counsel (Dkt. No. 119)</u>

On February 9, 2017—two days after the court issued its February 7, 2017, sixty-page ruling—the court received from the plaintiff three motions, including a fourth motion to appoint counsel. Dkt. No. 119. The February 7, 2017 order had denied as moot the plaintiff's second motion to appoint counsel, and had denied his third motion to appoint counsel. <u>See</u> Dkt. No. 118 at 59.

As the court has explained before, in a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. <u>Navejar v. Iyola</u>, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." <u>Navejar</u>,

718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

In his February 9, 2017, motion to appoint counsel, the plaintiff indicates that he needs counsel because he cannot call the judge's chambers to make "conspired rulings against the defendants"—a reference to his belief that the court's February 2, 2017 order was the result of opposing counsel calling and "conspiring" with the judge. Dkt. No. 119 at 1. He also indicates that he needs a licensed attorney to "compete with the court and defendants attorney under hand dirty tricks to even stand a chance in this prejudiced court." Id. at 2. The court has said before—it has not had communications with opposing counsel and has not "conspired" with opposing counsel. The court's decisions are its own. This motion does not state sufficient grounds for the court to recruit *pro bono* counsel, and the court will deny the motion.

B. Plaintiff's Motions for Recusal (Dkt. Nos. 120, 121)

Also on February 9, 2017, the court received from the plaintiff a motion for recusal, dkt. no. 120, as well as a second motion for recusal, dkt. no. 121. In these motions, the plaintiff asserts that the court made a biased ruling when it cut off summary judgment briefing before the deadline for the defendants to respond to his amended motion for summary judgment. Dkt. No. 120. The plaintiff suggests that there is a conspiracy between the judge and the defendants, because, he says, the judge suspended the briefing after receiving

3

a phone call from the defendants. Id. In the second motion, the plaintiff reiterates that the court's February 2, 2017, decision was biased. Dkt. No. 121. He also indicates that he filed a new lawsuit against individuals at Columbia Correctional Institution, that he had received no relief from the law library, and that he was waiting for a decision on his many outstanding motions. Id. In deciding both motions, the court will consider the two statutes that relate to a judge disqualifying herself.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). In order to succeed on a recusal claim under §455(a), a plaintiff must show that the judge relied upon knowledge acquired outside the case or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. See id. at 556.

Unlike a motion to recuse under 28 U.S.C. §455(a), which simply requires the moving party to demonstrate a reasonable appearance of bias, a motion to disqualify under 28 U.S.C. §144 requires the moving party to show actual bias. Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004). A party must present "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. §144. Once again, judicial rulings alone will almost never constitute a valid basis for disqualification under §144. See

4

Liteky, 510 U.S. at 555. Also, "[a] trial judge has as much obligation not to recuse [herself] when there is not occasion for [her] to do so [under § 144] as there is for [her] to do so when the converse prevails." Hoffman, 368 F.3d at 717 (quoting United States v. Ming, 466 F.2d 1000, 1004 (7th Cir. 1972)).

The plaintiff asserts that the judge received a telephone call from the defendants, and that she issued her ruling after that phone call. The plaintiff presents no proof of such a phone call, and he cannot, because no such call took place. The judge has not spoken with counsel for the defendants. The plaintiff's bare allegation that such a phone call took place is not sufficient to show either a reasonable appearance of bias or actual bias. The court will deny the plaintiff's motions for recusal.

C.  Motion for Relief from Judgment (Dkt. No. 124)

On February 16, 2017, the court received a motion from the plaintiff asking for relief from judgment. Dkt. No. 124. The court has not entered judgment in this case, so there is no judgment for the court to relieve the plaintiff from. Despite its caption, this motion actually is a request for the court to reconsider its February 2, 2017 order suspending summary judgment briefing deadlines until the court could rule on the motions that were outstanding at that time. Dkt. No. 117. The court will deny this motion.

The court suspended summary judgment briefing—of its own accord—for one reason, and one reason only: the parties had filed numerous non-dispositive motions, and the court had not promptly ruled on those motions (a failure for which it has apologized to the parties). The court needed to resolve

5

those motions before the summary judgment briefing concluded, to make sure that none of them impacted the summary judgment proceedings. The court acted within its discretion when it modified the summary judgment briefing schedule, and it had good cause to do so (the need to resolve the numerous pending motions). See Fed. R. Civ. P. 16(b)(4). There were no "manifest errors of law or fact" in the court's decision; nor is there "newly discovered evidence" that requires the court to change its decision. See Fed. R. Civ. P. 54(b); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987). The court will deny the plaintiff's motion to reconsider its February 2, 2017 ruling.

D.     Defendants' Motion for an Extension of Time to Comply with Court Order (Dkt. No. 128)

On February 24, 2017, the court received the next motion—this one, from the defendants. Dkt. No. 128. The defendants asked for an extension of time to comply with the court's February 7, 2017 order (dkt. no. 118), which required them to provide address information for Dr. Ortiz. They indicated that they needed the additional time because Dr. Ortiz would be out of the country until February 28, 2017 (four days after the deadline the court had set for the defendants to either provide his address or file a waiver of service). Dkt. No. 128. Thirteen days after the court received the motion (and thus, thirteen days after the deadline the defendants sought to extend), the court received a waiver of service for Dr. Ortiz. Dkt. No. 131. On the same day, the defendants filed an answer to the complaint on behalf of themselves and Dr. Ortiz. Dkt. No. 132. The court will grant the defendants' motion for an extension of time to file the

6

waiver, *nunc pro tunc* to March 9, 2017, and will deem the Ortiz waiver of service, and the defendants' March 9, 2017 answer, timely.

E.     Plaintiff's Fifth Motion to Appoint Counsel (Dkt. No. 135)

On May 2, 2017, the court received from the plaintiff another motion to appoint counsel—his fifth in this case. Dkt. No. 135. In his brief in support of this fifth motion, the plaintiff again suggests that the court wrongfully suspended summary judgment briefing based on a call from the defendants. Dkt. No. 136 at 1. The plaintiff also argues that his case is factually complex, will involve conflicting testimony, and has merit, and that he needs witnesses to elaborate on the defendants' actions between May 2014 and September 2014. Id. at 1-2. He suggests that the court did not consider his affidavit in Case No. 14-cv-1078, and that the court likely will ignore the affidavits he submits in this case. Id. at 2. Specifically, he says he needs an attorney who can review video footage and "who can call the court & get motions squashed, deferred & postponed like the defendants have." Dkt. No. 137. He also believes that an attorney will "separate distinct facts, investigate facts, witnesses, & misrepresented medical records, sheriff's reports & past prejudices by this court." Id.

The plaintiff attached to this motion documents that show his attempts to secure counsel on his own. That means that he has met the first requirement for appointment of counsel—he has demonstrated that he has made reasonable efforts to obtain counsel on his own, but has been unsuccessful. Therefore, the court must consider the next requirement: it must

7

determine whether the plaintiff has the ability to coherently present his case, factually and legally. See Navejar, 718 F.3d at 696.

Throughout the long history of this case, the plaintiff has filed many motions. The court has not granted all of them, but it has understood what the plaintiff was asking for in each one. He has filed an amended motion for summary judgment, and has responded to two separate motions for summary judgment filed by the defendants. He has supported his filings with the appropriate documents (briefs, responses to proposed findings of fact, declarations, and exhibits). The court concludes that, at this point in the case—when the summary judgment motions have been briefed, and there is nothing further for the parties to do until the court rules on those motions—the plaintiff is capable of continuing to represent himself. The court will deny the plaintiff's fifth motion to appoint counsel, dkt. no. 135, and will not consider additional motions to appoint counsel until after the court resolves the parties' motions for summary judgment. If, after the court rules on the summary judgment motions, there are claims that survive to proceed to trial, the plaintiff may renew his requests for appointment of counsel at that time.

F.  Plaintiff's Motion for An Extension (Dkt. No. 138)

On May 2, 2017, the court received from the plaintiff a motion to extend the deadlines for discovery and for filing summary judgment until July 2, 2017. Dkt. No. 138. He explains that on April 21, 2017, he was moved from the Wisconsin Secure Program Facility to Columbia Correctional Facility, and that his documents did not make the transfer with him. Even when he got his

8

documents on April 24, 2017 (three days later), the set was not complete—the plaintiff indicates that the amended summary judgment motion he'd been working on was missing, along with exhibits. For this reason, he asked the court to extend the deadline for completing discovery and for filing summary judgment motions by thirty days. Id. at 1-2.

The court's February 16, 2016 scheduling order required the parties to complete all discovery by May 13, 2016. Dkt. No. 50 at 1. As the court has noted above, however, the parties filed numerous non-dispositive motions and the court did not rule on those motions in a timely fashion. As a consequence, in its February 7, 2017 order, the court extended the discovery deadline (at the plaintiff's request) to April 28, 2017. Dkt. No. 118 at 58. The court also gave the plaintiff a deadline of June 2, 2017 to amend his motion for summary judgment, if he chose to do so.

By the time the plaintiff was moved from WSPF to Columbia, the discovery period had been going on for fourteen (14) months. The plaintiff was transferred a week before the discovery deadline, and he indicates that he'd recently served discovery demands on the defendants. The court will not grant the plaintiff's request to extend the discovery deadline. The plaintiff had fourteen months to conduct discovery. Discovery demands must be served at least thirty days before a discovery cut-off, to give the other side adequate time to respond. By April 21, 2017, therefore, it was too late for the plaintiff to serve any further discovery demands, and given the amount of time that has elapsed, the court will not extend that time further.

9

The court understands why the plaintiff asked for additional time to file his amended motion for summary judgment—as of the date he asked this court to extend that deadline, he didn't have his draft available to him. The plaintiff's request to extend this deadline, however, is moot, because as it turns out, he timely filed his amended summary judgment motion. He filed the motion on May 25, 2017—a week *before* the deadline for doing so.

The court will deny the motion to extend discovery deadlines, and will deny as moot the motion to extend the deadline for filing an amended motion for summary judgment.

G.      Plaintiff's Expedited Motion for Extension of Time (Dkt. No. 156)

On June 12, 2017, the court received from the plaintiff an expedited motion for extension of time to respond to the defendants' motion for summary judgment. Dkt. No. 156. The plaintiff asked for a response deadline of August 1, 2017, because the law librarian was not giving him extra law library time to work on his responses. Id. Despite this motion, the court received the plaintiff's responses to the defendants' motions on June 28, 2017 (dkt. no. 168, response to the motion of defendants Friend, Hernandez and Isferding) and July 12, 2017 (dkt. no. 182, response to the motion of defendants Coe, Olstinske and Ortiz). Because the plaintiff filed his responses before the deadline he requested, the court will deny his motion as moot, and will deem his opposition briefs timely filed.

H.  <u>Plaintiff's Motion to Compel or, In the Alternative, Motion for Default Judgment[1] (Dkt. No. 157) and Plaintiff's Motion to Compel (Dkt. No. 167)</u>

Also on June 12, 2017, the court received from the plaintiff a motion to compel the defendants to produce certain documents; in the alternative, he asked the court to enter a default judgment against the defendants. Dkt. No. 157 at 1-2. Although the court's local rules give the defendants twenty-one days to respond to such a motion, the plaintiff didn't wait that long. On June 26, 2017—two weeks after the court received the first motion to compel—the court received a second one. Dkt. No. 167. In both motions, the plaintiff asserts that the defendants have not responded to his most recent requests for production of documents. He details specific documents and information that he seeks and says that he has not received.

Three days after the court received the plaintiff's second motion to compel, it received from the defendants a response, indicating that the plaintiff had not attempted to meet and confer before filing his motions. Dkt. No. 172. The defendants also submitted an affidavit with their responses to the plaintiff's five sets of requests for production of documents. Dkt. No. 173. It appears that the defendants provided the answers to two of these sets of requests for production of documents *after* the court received the plaintiff's first motion to compel (on June 12, 2017). <u>Id.</u>, Exh. 4, 5. In his reply brief, the

---

[1] The plaintiff captions the alternative motion as a motion to dismiss for failure to prosecute. The court does not believe, however, that he is asking the court to dismiss the case—that would sanction the *plaintiff*, not the defendants. Rather, the court believes that the plaintiff is asking the court to sanction the defendants by awarding judgment in his favor, and that is how the court will treat the motion.

11

plaintiff maintains that he still has not received some of the documents he requested. Dkt. No. 194.

Neither of the plaintiff's motions comply with the "meet-and-confer" requirement in Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 37 (E.D. Wis.). Both rules require the moving party to attach to the motion to compel a written certification, attesting to the fact that the party attempted in good faith to confer with the other party before bringing the motion. Id. Additionally, Civil Local Rule 37 requires the written statement to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Civil L.R. 37. The plaintiff did not attach such a certification to either of his motions. Rather, he indicates that he put in his request for production of documents a statement to the effect of, "if there's any reason that plaintiff cannot obtain these documents lets CONFER!" Dkt. No. 157 at 2. At the end of his second motion, the plaintiff includes a certification that he "attempted as best [he] could to confer with the defendants in this case & they have ignored [him] and request to CONFER!" Dkt. No. 167 at 8. It appears that the plaintiff's attempts to meet and confer with opposing counsel consisted of writing the word "CONFER" in all capital letters on letters, with an exclamation point, in his requests for production of documents, and now in his motions. This is not sufficient to comply with the "meet-and-confer" requirements. The rules contemplate that a party will do something like writing to the other side and saying, "I see that you did not include the video I requested in the discovery you sent. I would like the

opportunity to discuss this with you. Can you please either write to me and explain why you did not provide the video, or contact my case manager at the following telephone number to schedule a telephone conference? Thank you." Simply writing "lets CONFER!" on a discovery demand does not suffice, and the court will deny the motions to compel.

The court also notes that the plaintiff filed his motions to compel approximately six and eight weeks after the April 28, 2017 discovery cutoff. Courts almost always deem untimely motions to compel filed after the close of discovery, particularly if the moving party brings the motion after a motion for summary judgment has been filed. Henneman v. Federal Check Recovery, No. 10-C-746, 2011 WL 1900183, at *3 (E.D. Wis. May 19, 2011) (citations omitted). Despite the fact that the plaintiff's motions were untimely, the court will not use this as a basis for denying the motions, because the defendants' responses to his requests for production of documents were made after the discovery cutoff. The court denies the motions to compel because they do not comply with Rule 37 and Civil L.R. 37.

Finally, as to the plaintiff's request in his first motion that the court enter default judgment in his favor because the defendants did not provide the documents he requested: If a court finds that a party has violated the discovery rules, the court may impose sanctions. The variety of available sanctions is wide—anything from a verbal or written reprimand to the offending party to monetary sanctions to barring the party from using evidence at trial. The sanction the plaintiff requests—awarding judgment in his favor—is the most

severe sanction, which this court would consider only in the case of flagrant, blatant and repeated violations of the discovery rules. The court sees no such pattern here, and would not award default judgment even if the court had granted the motion to compel.

I.  Sixth and Seventh Motions to Appoint Counsel (Dkt. Nos. 159 and 175)

On June 12, 2017, the court received the plaintiff's sixth motion to appoint counsel. In this motion, the plaintiff argues that he wants counsel to depose witnesses, respond to the defendants' motions for summary judgment, and reply to his own amended motion for summary judgment. Dkt. No. 159 at 1. The plaintiff submits that he suffers from mental illness and is not getting the appropriate treatment because he is from Illinois, and the Wisconsin Department of Corrections will not get his medical and mental health records from Illinois. Id. The plaintiff also states that he is in a great deal of pain because he has cysts that need to be removed. Id. at 2.

With regard to the plaintiff's desire to depose witnesses, the court reiterates that discovery has been closed since April 28, 2017. If the plaintiff needed to depose witnesses, he should have made arrangements to do so during the fourteen months that discovery was open. The plaintiff already has, without the assistance of counsel, filed responses to the defendants' motions for summary judgment, and he has requested additional time to file his reply regarding his own motion for summary judgment (which the court will grant later in this order). Finally, as the court already has noted, there is little for the

parties to do until the court rules on the summary judgment motions. The court will deny this motion to appoint counsel. Dkt. No. 159.

On June 30, 2017, the court received a seventh motion to appoint counsel from the plaintiff. Dkt. No. 175. The plaintiff maintains that his claims involve complex medical issues of the choice to use conventional treatments versus over-the-counter medications. Id. He also says that he needs testimony to support his argument that being deprived of a mattress for more than twelve hours a day caused him permanent damage. Id. As to both of these issues, it seems that the plaintiff seeks counsel for the purpose of securing expert witness testimony on medical issues. This request is premature. The court has not yet ruled on the motions for summary judgment. If any of the plaintiff's medically-based claims survive the summary judgment stage, the court already has indicated that he can renew his motions for appointment of counsel at that time. The court wishes to let the plaintiff know, however, that even if that happens, and even if the court eventually appoints counsel for the plaintiff, it is up to that attorney to decide whether expert testimony is necessary, and on what topics.

J.   Plaintiff's Motion to Expedite Court Ruling (Dkt. No. 178)

On July 5, 2017, the court received a motion from the plaintiff, asking the court to rule on his motion to compel. Dkt. No. 178. The court has done so in this order. The court will, therefore, grant that motion.

K.	Plaintiff's Motion to Extend Time to Reply (Dkt. No. 193)

Finally, on July 20, 2017, the court received the plaintiff's motion for an extension of time to file his reply to the defendants' responses to his amended motion for summary judgment. Dkt. No. 193. The plaintiff had been working on his responses to the defendants' motions for summary judgment, and the court considers that good cause for a delay. The court will grant the plaintiff's motion for extension of time and give him until October 6, 2017, to file his reply materials regarding his amended motion for summary judgment.

## CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's fourth motion to appoint counsel. Dkt. No. 119.

The court **DENIES** the plaintiff's February 9, 2017 motion for recusal. Dkt. No. 120.

The court **DENIES** the plaintiff's second February 9, 2017 motion for recusal. Dkt. No. 121.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 124.

The court **GRANTS** the defendants' motion for an extension of time, *nunc pro tunc* to March 9, 2017, and deems the Ortiz waiver of service and the March 9, 2017 answer timely. Dkt. No. 128.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's fifth motion to appoint counsel. Dkt. No. 135.

The court **DENIES** the plaintiff's motion to extend discovery deadlines, and **DENIES AS MOOT** his motion to extend the deadline for filing his amended motion for summary judgment. Dkt. No. 138.

The court **DENIES AS MOOT** the plaintiff's expedited motion for an extension of time. Dkt. No. 156.

The court **DENIES** the plaintiff's motion to compel, or in the alternative, to grant default judgment in his favor. Dkt. No. 157.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's sixth motion for appointment of counsel. Dkt. No. 159.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 167.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's seventh motion to appoint counsel. Dkt. No. 175.

The court **GRANTS** the plaintiff's motion for a ruling on the motion to compel. Dkt. No. 178.

The court **GRANTS** the plaintiff's motion for extension of time to file reply materials. Dkt. No. 193. The court **ORDERS** that the plaintiff shall file his reply materials regarding his amended motion for summary judgment in time for the court to receive them on or before **October 6, 2017**.

Dated in Milwaukee, Wisconsin this 30th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**