# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

        Plaintiff,

v.                                          Case No. 14-C-792

SIMEON ORTIZ, et al.,

        Defendants.

**ORDER**

On February 6, 2018, the court entered an order granting defendants' motions for summary judgment and dismissing this case. ECF Nos. 209, 210, 211. About two weeks later, plaintiff filed a motion to alter the judgment pursuant to Fed. R. Civ. Pro. 59(e) and a renewed motion to appoint counsel. ECF Nos. 216, 219. The next day, plaintiff filed a notice of appeal. ECF No. 223.

As an initial matter, the court notes that "[t]he filing of an appeal . . . deprive[s] the district court of jurisdiction over the case." *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999).

> [T]he district court and the court of appeals do not share jurisdiction over the same case. Jurisdiction is either all in one court or all in the other. This rule is necessary to prevent one court's stepping on the toes of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time.

*Id.* (citations omitted). In other words, because plaintiff is appealing the court's decision, the court no longer has jurisdiction over this case.

That said, Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, during the pendency of an appeal, a party files a motion under "any rule that

permits the modification of a final judgment," that party should ask the district court to indicate whether it is inclined to grant the motion. If the district court states that it is so inclined, the Seventh Circuit will remand the case to the district court to modify the judgment. For the reasons explained below, the court is not inclined to grant plaintiff's motion to alter the judgment.

A Rule 59(e) motion may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrants the alteration or amendment of a previous judgment. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). The purpose of Rule 59(e) motions is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). Relief under Rule 59(e) is an "extraordinary remedy" that should only be granted in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Here, plaintiff's motion contains no new evidence and points to no new controlling law. Instead, he argues that he never had a fair chance to present his case because he suffers from a severe mental illness. The court infers from this argument that plaintiff believes the court should have recruited an attorney to represent him. Plaintiff raised this argument multiple times throughout the litigation. The court continues to find that, although plaintiff may have been diagnosed with various mental illnesses and/or personality disorders, there has been no evidence that these conditions

2

interfered with his ability to communicate effectively with others or his ability to coherently present his claims and arguments to the court.

Many, if not the majority, of prisoner plaintiffs who file claims have been diagnosed with mental health challenges. Such challenges, on their own, are not a sufficient basis to necessitate the court recruiting a volunteer attorney to represent a plaintiff. Instead, a court must consider the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote,* 503 F.ed 647, 654-55 (7th Cir. 2007) (en banc).

The court finds, once again, that plaintiff was competent to represent himself through the briefing of summary judgment. In the course of this litigation, he filed numerous motions, defended against many other motions, cited to relevant case law in support of his arguments, and provided the court with relevant documents to support his claims. As the court has previously noted, plaintiff's filings reflect a competence above and beyond that of most inmates who litigate in federal court. In short, nothing in plaintiff's motion to alter the judgment changes the court's previous conclusions that the difficulty of this case—both factually and legally—did not exceed plaintiff's capacity to represent himself.

Plaintiff also reiterates arguments he made in his motion for summary judgment and in his response to defendants' motion for summary judgment. In doing so, plaintiff fails to identify an error of law or fact made by the court. He merely registers his disagreement with the court's decision. Disagreement is an inadequate basis to warrant the court altering or amending its previous judgment. The court will deny plaintiff's motion to alter the judgment.

The court will also deny plaintiff's renewed motion for counsel. This case is closed, so plaintiff has no need for counsel. To the extent plaintiff is seeking the assistance of counsel on his appeal, he must file that request with the Seventh Circuit, not this court.

**THEREFORE**, the court **DENIES** plaintiff's motion to alter judgment (ECF No. 216). The court also **DENIES** plaintiff's renewed motion to appoint counsel (ECF No. 219).

Dated this  28th  day of February, 2018.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court